UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00020-GNS

DESTINY BAXTER                                                                                            PLAINTIFF

v.

TONYA BURTON et al.                                                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions for Leave to Seal (DN 7, 12, 21), Defendants' Motions for Extension of Time (DN 8, 13), and Defendants' Motions to Dismiss and for Appointment of Guardian Ad Litem (DN 10, 15). The motions are ripe for adjudication.

I.     **BACKGROUND**

Plaintiff Destiny Baxter ("Baxter") alleges that she was previously detained at the Adair County Youth Detention Center ("Detention Center") in 2022. (Compl. ¶¶ 3, 11, DN 1). During her time at the Detention Center, she alleges mistreatment and abuse by the Detention Center staff and denial of access to medical treatment.

Baxter filed this action against Defendants: Tonya Burton ("Burton"), the Superintendent of the Detention Center; Christopher Rakes ("Rakes"), the Juvenile Facility Superintendent; George Scott ("Scott"), the Deputy Commissioner of Kentucky Juvenile Justice supervising the youth and the operations of the Detention Center; Roger Kazee ("Kazee"), the East Division Director of Kentucky Juvenile Justice; and Gregory Lundy ("Lundy"), the Facilities Regional Administrator with Kentucky Juvenile Justice; and Anthony Vickery ("Vickery") and Christin Williams ("Williams"), Youth Worker Supervisors at the Detention Center. (Compl. ¶¶ 4-10).

1

Baxter alleges that these personnel are responsible for the care, custody, and supervision of youth at the Detention Center and asserts federal claims for violations of her civil rights under 42 U.S.C. § 1983, and a state law claim for battery. (Compl. ¶¶ 4-5, 8-10, 67-121).

Burton, Kazee, Lundy, Rakes, Scott, Williams, and Vickery ("Moving Defendants") have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) or for appointment of a guardian ad litem pursuant to Fed. R. Civ. P. 17(c)(2). (Defs.' Mot. Dismiss, DN 10; Def.'s Mot. Dismiss, DN 13). Moving Defendants also move for an extension of time to file responsive pleadings. (Defs.' Mot. Extension Time, DN 8; Def.'s Mot. Extension Time, DN 13). Finally, Moving Defendants seek to seal various filings. (Defs.' Mot. Leave Seal, DN 7; Def.'s Mot. Leave Seal, DN 12; Defs.' Mot. Leave Seal, DN 21).

## II.    JURISDICTION

Jurisdiction for the federal law claims is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. This Court has jurisdiction over the state law claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.    DISCUSSION

### A.    Defendants' Motion to Dismiss or for Appointment of Guardian Ad Litem (DN 10, 15)

#### 1.    *Motion to Dismiss*

In their motions, Defendants contend that Baxter lacks the mental capacity to pursue her claims under Fed. R. Civ. P. 12(b)(6).[1] (Defs.' Mot. Dismiss 1-8; Def.'s Mot. Dismiss 1-2). To

---

[1] While Defendants also use the term "standing" in their motion, standing and capacity are distinct legal concepts, and it appears that the motion is based on Baxter's mental capacity pursuant to Fed. R. Civ. P. 12(b)(6) rather than 12(b)(1). *See Miller v. City of Cincinnati*, 870 F. Supp. 2d 534, 538 (S.D. Ohio 2012) ("Capacity and standing are two distinct legal questions." (citing *Tri-Med Fin. Co. v. Nat'l Century Fin. Enters., Inc.*, Nos. 98-3617/99-3062, 2000 WL 282445, at *4 (6th Cir. Mar. 6, 2000))). "Capacity to sue or be sued under Rule 17(c) involves a party's personal right to

2

survive dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* When considering a motion to dismiss, a court must "accept all the [plaintiff's] factual allegations as true and construe the complaint in the light most favorable to the [plaintiff]." *Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 716 (6th Cir. 2005) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration in original) (internal quotation marks omitted) (internal citation omitted) (citation omitted).

In support of their motions, Defendants have filed and rely upon various documents relating to whether Baxter may be suffering from mental disability. In general, however, courts may not consider matters outside the pleadings in ruling on a Fed. R. Civ. P. 12(b)(6) motion without converting it to a Fed. R. Civ. P. 56 motion. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (citation omitted); *In re Omnicare, Inc. Sec. Litig.*, 769 F.3d 455, 466 (6th Cir. 2014) (citation omitted). An exception to this limitation allows a party to rely on public records,

---

litigate in federal court." *Plate v. Johnson*, No. 3:15CV1699, 2018, WL 3569893, at *8 (N.D. Ohio July 25, 2018) (citation omitted). "Unlike standing, capacity is 'an affirmative defense, not a jurisdictional issue.'" *Grady v. Madison Cnty.*, No. 1:19-CV-01153-STA-tmp, 2020 WL 3036891, at *3 (W.D. Tenn. June 5, 2020) (quoting *Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 478 (6th Cir. 2014)); *see also Soto v. City of Memphis*, No. 2:17-CV-2323-cgc, 2017 WL 4543790, at *2 (W.D. Tenn. Oct. 11, 2017) ("The difference between capacity to sue and standing is that the former relates to the right to come into court, while the latter relates to the right to relief." (citation omitted)).

including documents from other court proceedings. *See Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425-26 (6th Cir. 2018) (citing *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010)).

The documents filed by Defendants include: (i) a petition for involuntary hospitalization filed in Warren District Court (Kentucky); and (ii) a docket sheet and a calendar order from a criminal case filed in Christian District Court (Kentucky).[2] (Defs.' Mot. Dismiss Ex. 1, at 1-2, DN 10-1; Defs.' Mot. Dismiss Ex. 2, at 1-3, DN 10-2; Defs.' Mot. Dismiss Ex. 4, at 1-2, DN 10-4). While these documents apparently are from court dockets, the documents alone do not definitively address whether Baxter currently lacks the mental capacity to sue in this matter. Accordingly, Defendants have failed to meet their burden for relief under Fed. R. Civ. P. 12(b)(6), and these motions are denied.

### 2. *Appointment of Guardian Ad Litem*

Alternatively, Defendants seek appointment of a guardian ad litem pursuant to Fed. R. Civ. P. 17(c)(2). (Defs.' Mot. Dismiss 1-8; Def.'s Mot. Dismiss 1-2). In relevant part, Fed. R. Civ. P. 17 provides that the "[c]apacity to sue or be sued is determined . . . for an individual who is not acting in a representative capacity, by the law of the individual's domicile . . . ." Fed. R. Civ. P. 17(b)(1).

Baxter has alleged that she is a Kentucky resident. (Compl. ¶ 3). Under Kentucky law:

> Persons of the age of eighteen (18) years are of the age of majority for all purposes in this Commonwealth except for the purchase of alcoholic beverages and for purposes of care and treatment of children with disabilities, for which twenty-one (21) years is the age of majority, all other statutes to the contrary notwithstanding.

---

[2] Defendants have also filed a letter from a licensed psychologist on behalf of the Cabinet for Health and Family Services, which is not considered because it does not fall within any exception for consideration under Fed. R. Civ. P. 12(b)(6). (Defs.' Mot. Dismiss Ex. 3, at 1, DN 10-3).

KRS 2.015. In addition, Kentucky law defines the term "mentally ill person" as "a person with substantially impaired capacity to use self-control, judgment, or discretion in the conduct of the person's affairs and social relations, associated with maladaptive behavior or recognized emotional symptoms where impaired capacity, maladaptive behavior, or emotional symptoms can be related to physiological, psychological, or social factors . . . ." KRS 202A.011(9).

From the sparse record, the Court is unable to determine whether or to what extent Baxter presently suffers from a disability or mental illness. Thus, the request for appointment of a guardian ad litem is denied at this time.

### B.      **Defendants' Motions for Extension of Time (DN 8, 13)**

Defendants have moved for an extension of time and request "20 days from the date of entry of the Courts orders on [Defendants'] other pending motions to respond to the Complaint." (Defs.' Mot. Extension Time 2, DN 8; Def.'s Mot. Extension Time 2, DN 13 [hereinafter Vickery's Mot. Extension Time]). In relevant part, Fed. R. Civ. P. 6(b) provide:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A)     with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B)     on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1). Because these motions were filed before Defendants' responsive pleadings were due, they must only show good cause. Defendants have articulated a sufficient basis for their need for additional time to file responsive pleadings. Accordingly, this Court grants the motions for extension.

### C.      **Defendants' Motions for Leave to Seal (DN 7, 12, 21)**

Defendants have filed numerous motions for leave to seal, which Baxter has not opposed. (Defs.' Mot. Leave Seal, DN 7; Def.'s Mot. Leave Seal, DN 12; Defs.' Mot. Leave Seal, DN 21).

In ruling on a motion to seal, courts "must balance the litigants' privacy interests against the public's right of access . . . ." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). "The public has an interest in ascertaining what evidence and records the District Court . . . ha[s] relied upon in reaching [its] decision[]." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1181 (6th Cir. 1983). There is a "strong common law presumption in favor of public access to court proceedings and records." *Id.* at 1179; *see* LR 5.6(a) ("Parties and counsel should presume that all documents filed in district court should be available for the public to access and that restricting public access can occur only in limited circumstances . . . .").

The presumption of public access can be overcome when certain interests are at issue, such as "certain privacy rights of participants or third parties, trade secrets and national security." *Brown & Williamson Tobacco Corp.*, 710 F.2d at 1179 (citations omitted). "The party seeking to seal records has [a] heavy burden," in overcoming the presumption and must show: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637-38 (6th Cir. 2019) (citing *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016)).

A motion to seal information does not overcome the presumption of public access merely because it is unopposed. *Thornton v. Himmler*, No. 3:20-CV-P60-RGJ, 2021 U.S. Dist. LEXIS 108937, at *2 (W.D. Ky. June 10, 2021). In addition, "the presumption that the public has the right to access judicial records does not vanish simply because all parties in the case agree that certain record should be sealed." *Kentucky v. Marathon Petroleum Co. LP*, No. 3:15-CV-354-DJH, 2018 U.S. Dist. LEXIS 106176, at *15 (W.D. Ky. June 26, 2018) (citing *Rudd Equip. Co.*, 834 F.3d at 595; *Shane Grp.*, 825 F.3d at 305).

### 1. *First Motion for Leave to Seal*

Defendants first moved to seal their motions for extension of time (DN 8), for protective order (DN 9), and to dismiss or for appointment of guardian ad litem (DN 10). (Defs.' Mot. Leave Seal 1-2, DN 8). As to the first two motions (DN 8, 9), Defendants have failed to meet their burden and overcome the presumption of public access. Nothing in those filings or attachments contains confidential information, and Baxter has alleged in the unsealed Complaint that she was detained in a juvenile detention facility. (Compl. ¶ 11). The motion to seal will be denied as to these filings.

It is appropriate, however, to seal the motion to dismiss and its attachments (DN 10). Two of these filings contain personal medical information concerning Baxter. Further, the documents relating to the Christian District Court case do not appear to be publicly accessible on the Kentucky Court of Justice website. Thus, there is a compelling interest in sealing these documents that outweighs the public's right to access, and the sealing of these documents is narrowly tailored. The motion to seal will be granted as to these filings.

### 2. *Second Motion for Leave to Seal*

In the second motion, Vickery moved for leave to seal his Motion for Extension of Time (DN 13). (Def.'s Mot. Leave Seal, DN 12). Nothing in that filing, however, contains confidential information and Vickery has failed to meet his burden. This motion to seal will be denied.

### 3. *Third Motion for Leave to Seal*

In their last motion, Defendants moved for leave to seal their replies to their motions (DN 22-1, 22-2, 22-3). The reply to the motion to dismiss does reference Baxter's medical history. Thus, there is a compelling interest in sealing this filing that outweighs the public's right to access,

and the sealing of this filing is narrowly tailored. The motion to seal will be granted as to this filing.

Defendants' replies to the other motions, however, lack any information that should be not publicly accessible, and Defendants have otherwise failed to meet their burden. Accordingly, the motion will be denied as to these filings.

### IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motions for Leave to Seal (DN 7) is **GRANTED IN PART** and **DENIED IN PART**. DN 10 shall be sealed, but DN 8 and 9 shall not be sealed in the record.

2. Defendant's Motion for Leave to Seal (DN 12) is **DENIED**, and DN 13 shall not be sealed in the record.

3. Defendants' Motion for Leave to Seal (DN 21) is **GRANTED IN PART** and **DENIED IN PART**. DN 22-1 shall be sealed, but DN 22-2 and 22-3 shall not be sealed in the record.

4. Defendants' Motions for Extension of Time (DN 8, 13) is **GRANTED**. Defendants shall have until **February 13, 2025**, to file responsive pleadings to the Complaint.

5. Defendants' Motions to Dismiss and for Appointment of Guardian Ad Litem (DN 10, 15) are **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

January 23, 2025

cc: counsel of record