UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:24-CV-00020-GNS

DESTINY BAXTER                                                          PLAINTIFF

v.

TONYA BURTON et al.                                                    DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendants' Motions to Dismiss (DN 25, 26).  The

motions are ripe for adjudication.

## I.      BACKGROUND

This civil rights action relates to alleged mistreatment and conditions of confinement while

Plaintiff Destiny Baxter ("Baxter") was incarcerated at the Adair County Youth Detention Center

("ACYDC").  (Compl. ¶¶ 3, 11-61, DN 1).  Baxter has asserted claims under 42 U.S.C. § 1983

and state law against the following Defendants:  Tonya Burton ("Superintendent Burton"), the

Superintendent of the ACYDC; Christopher Rakes ("Rakes"), the Juvenile Facility

Superintendent; George Scott ("Scott"), the Deputy Commissioner of Kentucky Juvenile Justice

supervising the youth and the operations of the ACYDC; Roger Kazee ("Kazee"), the East

Division Director of Kentucky Juvenile Justice; and Gregory Lundy ("Lundy"), the Facilities

Regional Administrator with Kentucky Juvenile Justice; and Anthony Vickery ("Vickery") and

Christin Williams ("Williams"), Youth Worker Supervisors at the ACYDC. (Compl. ¶¶ 4-10).  In

particular, Baxter alleges that:  (i) all Defendants violated her constitutional rights under the

Fourteenth Amendment through excessive segregation and conditions of confinement; (ii) all

Defendants acted with deliberate indifference in depriving her constitutional rights; (iii) Vickery

1

and Williams deprived Baxter of her rights under the Eighth and Fourteenth Amendments; (iv) Superintendent Burton, Rakes, Scott, Kazee, and Lundy are liable based on their supervisory roles over others who violated Baxter's constitutional rights; and Vickery and Williams committed the state law tort of battery.  (Compl. ¶¶ 67-121).

Superintendent Burton, Rakes, Williams, Scott, Kazee, Lundy, and Vickery (collectively, "Moving Defendants") have moved to dismiss the claims asserted against them pursuant to Fed. R. Civ. P. 12(b)(6).  (Defs.' Mot. Dismiss, DN 25; Def.'s Mot. Dismiss, DN 26).

## II.    JURISDICTION

Jurisdiction for the federal law claims is based on federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over the state law claims through supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

## III.    STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (citations omitted).  "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief."  *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-64 (2007)).

2

When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *See Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citation omitted). Notwithstanding this presumption, "the district court need not accept a bare assertion of legal conclusions." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (internal quotation marks omitted) (citation omitted). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV.    DISCUSSION

### A.    Qualified Immunity

Moving Defendants seek dismissal of the Section 1983 claims based on the defense of qualified immunity. (Defs.' Mot. Dismiss 4-6; Def.'s Mot. Dismiss 2-3). The assertion of this defense as a basis for dismissal, however, is premature. As the Sixth Circuit has noted:

> [I]t is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity. Although an officer's "entitle[ment] to qualified immunity is a threshold question to be resolved at the earliest possible point," that point is usually summary judgment and not dismissal under Rule 12.

*Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (second alteration in original) (internal citation omitted) (citation omitted). As it has further explained:

> "The reasoning for our general preference is straightforward: 'Absent any factual development beyond the allegations in a complaint, a court cannot fairly tell whether a case is "obvious" or "squarely governed" by precedent, which prevents us from determining whether the facts of this case parallel a prior decision or not' for purposes of determining whether a right is clearly established."

*Moderwell v. Cuyahoga Cnty.*, 997 F.3d 653, 660-61 (6th Cir. 2021) (quoting *Guertin v. State*, 912 F.3d 907, 917 (6th Cir. 2019)). Accordingly, both motions are denied on this basis.

3

B.    **Sufficiency of Allegations**

Moving Defendants also challenge the sufficiency of the allegations in Counts 1 through 4 of the Complaint.  (Defs.' Mot. Dismiss 4-16; Def.'s Mot. Dismiss 1-5).  In addition, Vickery requests that the Court decline to exercise supplemental jurisdiction over the state law tort claim if the federal claims are dismissed.  (Def.'s Mot. Dismiss 6).

1.    *Count 1*

In Count 1, Baxter asserts that all Defendants violated her rights under the Fourteenth Amendment due to excessive segregation and the conditions of her confinement.  (Compl. ¶¶ 67-85).  Moving Defendants assert that Baxter has failed to articulate specific allegations against them to support her claim.  (Defs.' Mot. Dismiss 7-10; Def.'s Mot. Dismiss 2).

In the Complaint, Baxter has alleged that she was in placed in isolation and separated from other inmates' cells for extended periods of time while she was housed at ACYDC.  (Compl. ¶¶ 14, 17-18, 52, 55).  Her cell was purportedly never cleaned during isolation, was filled with garbage and decaying food, and had an unbearable odor.  (Compl. ¶¶ 44, 60-61).  These events occurred even though the Department of Juvenile Justice was aware of Baxter's history prior to her being housed at ACYDC.  (Compl. ¶ 16).  Without discovery, it would not be possible for Baxter to identify to what extent each Defendant was involved in violating her constitutional rights.  Taken as a whole, these allegations plausibly state a claim against Moving Defendants, and the motions are denied as to Count 1.

2.    *Count 2*

In Count 2, Baxter alleges that all Defendants acted with deliberate indifference to her serious medical needs.  (Compl. ¶¶ 86-99).  Moving Defendants argue that the allegations are

conclusory and are merely a recitation of the elements of the claim. (Defs.' Mot. Dismiss 10-13; Def.'s Mot. Dismiss 2).

Moving Defendants largely focus on the specific paragraphs for Count 2, but ignore the incorporation in Paragraph 86 of the prior allegations in the Complaint. For example, Baxter alleges that her history of trauma was known and that she was denied access to medical care, despite Nurse Alvarado[1] expressing concern that she was experiencing severe mental illness or an episode. (Compl. ¶¶ 16, 20-27). Baxter claims that Vickery initially resisted Nurse Alvarado's attempt to provide Baxter with sleep medication. (Compl. ¶¶ 29-32). After the incident in which Vickery and Williams allegedly violently forced Baxter's arm into the cell, Superintendent Burton did not order an exam as requested by the nursing staff. (Compl. ¶¶ 36-41). After an emergency medical technician ("EMT") was called to the ACYDC, Superintendent Burton allegedly told the EMT that Baxter had refused treatment, despite Nurse Alvarado's concern as to Baxter's ability to refuse treatment. (Compl. ¶ 50). Overall, the Complaint contains sufficient allegations for Count 2 to proceed, and the motions are denied as to this claim.

### 3.    *Count 3*

In Count 3, Baxter alleges that Vickery and Williams violated her rights under Fourteenth and Eighth Amendments through the use of excessive force. (Compl. ¶¶ 100-109). Moving Defendants also contend that Baxter's Section 1983 excessive force claim may be brought for violations of his Fourteenth Amendment rights but not under the Eighth Amendment. (Defs.' Mot. Dismiss 15-16; Def.'s Mot. Dismiss 3). Baxter does not address this argument in her response and therefore has conceded that her Section 1983 excessive force claim should be dismissed to the extent it is based on the Eighth Amendment. *See Degolia v. Kenton Cnty.*, 381 F. Supp. 3d 740,

---

[1] This person's full name is not provided in the Complaint.

759-60 (E.D. Ky. 2019) ("As a practical matter, 'it is well understood . . . that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded.'" (citation omitted)).  Moving Defendants' motions will be granted on this basis.

In addition, Vickery seeks dismissal of this claim because the allegations are conclusory. (Def.'s Mot. Dismiss 5).  In the Complaint, Baxter specifically addresses Vickery's use of excessive force and alleges that he violently twisted her arms and violently forced her arms back into the cell.  (Compl. ¶¶ 34, 36).  Baxter claims that she was screaming in pain as both Vickery and Williams used force against her during that incident.  (Compl. ¶ 34).  Taken as a whole, the allegations are sufficient to state an excessive force claim against Vickery, and his motion is denied on this basis.

Vickery also contends that the allegations only support that de minimis force was used against Baxter.  (Def.'s Mot. Dismiss 3-5).  In making this argument, Vickery relies on the Sixth Circuit's decision in *Leary v. Livington County*, 528 F.3d 438 (6th 2008), but that reliance is misplaced.  In *Leary*, the trial court, *inter alia*, denied a deputy jailer's summary judgment based on qualified immunity, and the Sixth Circuit considered whether there was evidence to support a finding that the force used was more than de minimis.  *See id.* at 440, 443-44.  The evidence reflected that the plaintiff had not suffered "any objectively verifiable injury", sought not medical treatment, and did not have any bruising.  *See id.* at 443.  The Sixth Circuit affirmed the dismissal of the Section 1983 excessive force claim on that basis but noted that it was "an unusual case." *See id.* at 444-45.

In the present case, no discovery has begun, and the Court must determine whether Baxter has stated an excessive force claim against Vickery based solely on the allegations in the

Complaint.  As explained above, Baxter has stated a plausible claim, and Vickery's motion to dismiss is denied for this reason.

### 4.    *Count 4*

Moving Defendants also seek dismissal of Count 4 in which Baxter purports to assert a claim against Superintendent Burton, Rakes, Scott, Kazee, and Lundy for supervisory liability under 42 U.S.C. § 1983.  (Compl. ¶¶ 110-117).  Moving Defendants acknowledge that Superintendent Burton, Rakes, Scott, Kazee, and Lundy served in supervisory positions.  (Defs.' Mot. Dismiss 13).  Nevertheless, Moving Defendants assert that Baxter has failed to allege sufficient facts to support the imposition of supervisory liability.  (Defs.' Mot. Dismiss 13-15).

As the Sixth Circuit recently explained:

> An individual capacity claim based on supervisory liability, like all individual capacity claims, requires an allegation of personal liability. . . . An official cannot be held liable for the constitutional violations of subordinates under a theory of respondeat superior, meaning that [he or] she "cannot be held liable simply because . . . [he or] she was charged with overseeing" subordinate officers who violated the plaintiff's constitutional rights.  The complaint must plead that the official violated the Constitution through [his or] her own actions.

*Venema v. West*, 133 F.4th 625, 633 (6th Cir. 2025) (internal citations omitted) (citing *Iqbal*, 556 U.S. at 677).  In addition, that Court noted:

> [F]or supervisory liability to attach, there must be "more than an attenuated connection between the injury and the supervisor's alleged wrongful conduct." This Court requires that the plaintiff allege "some active unconstitutional behavior on the part of the supervisor," id. (internal quotation marks omitted), that is "directly correlated with the plaintiff's injury."  "[A] mere failure to act will not suffice to establish supervisory liability" in the context of a constitutional claim. But the supervisor need not "have physically put his hands on the injured party or even physically been present at the time of the constitutional violation" for supervisory liability for the violation to attach.  Still, "at a minimum, the plaintiff must show that the defendant at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."  A supervisory official's failure to supervise, control, or train an offending subordinate is not actionable without this minimum showing.

*Id.* (alteration in original) (internal citation omitted) (citation omitted).  Finally, there must be an alleged causal connection between the wrongful conduct and the plaintiff's harm.  *See id.* (citation omitted).

In seeking the dismissal of these claims, Moving Defendants have taken a narrow view of the allegations in the Complaint by focusing primarily on selected allegations in Complaint while ignoring others.  (Defs.' Mot. Dismiss 14 nn.41-43).  Specific allegations address, *inter alia*, the alleged roles of Superintendent Burton, Rakes, Kazee, Lundy, and Scott.  (Compl. ¶¶ 4, 5, 9, 10, 17, 40, 47, 48, 50, 52, 54).  As stated above, Baxter is unable to determine to what extent each Defendant was involved in violating her constitutional rights, and the Complaint's allegations are sufficient for this claim to proceed at this time.  The motions are denied.

### 5.   *Count V*

Finally, Vickery requests dismissal of the state law tort claim of battery asserted in Count 5 of the Complaint.  (Def.'s Mot. Dismiss 6).  While the premise of this argument is that the Court should decline to exercise supplemental jurisdiction over this claim if all federal claims are dismissed, federal claims do remain.  (Def.'s Mot. Dismiss 6).  Vickery's motion is denied.

## V.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions to Dismiss (DN 25, 26) are **GRANTED IN PART** and **DENIED IN PART**.

Greg N. Stivers, Chief Judge
United States District Court

July 18, 2025

cc:   counsel of record

8